## GARRETT VS CAMPBELL.

Opinion delivered June 12, 1899.

*Promissory Note—Deposit in Escrow—Innocent Purchaser.*

A note, negotiable in form, deposited in escrow, without any condition apparent upon its face, will be valid in the hands of an innocent purchaser, even though it may have been wrongfully delivered to the payee by the one with whom it had been placed in escrow.

Appeal from the United States Court for the Northern District.

WILLIAM M. SPRINGER, Judge.

Action by Tom Campbell against C. W. Garrett and others. Judgment for plaintiff. Defendants appeal. Affirmed.

On December 4, 1893, the appellants executed the following instrument: "200.   Muscogee, I. T., Dec. 4, 1893. On or before one year after date, we promise to pay to the order of W. H. Moore two hundred dollars, for value received, with interest at the rate of 10 per cent. per annum from maturity, payable at Muscogee, Ind. Ter.   C. W. Garrett, W. C. Garrett. Per C. W. G." This note was deposited with one George Williams, in escrow, to be held by him until the expiration of one year; but prior to such expiration, the note was, for reasons not shown by the record, assigned to the appellee for a valuable consideration.   Appellee brought suit in the court below to recover the balance due on the note, there having been partial payments made thereon in the sum of $33 by appellants to Moore, the

original payee, before the transfer to appellee.   On the trial the note above set out was offered in evidence by appellee, with the following endorsements thereon:  "Please pay to Tom Campbell, or order, Sept. 17. 1894.   W. H. Moore.   Received of Garrett Bros. Dec. 6-93, $11.   Rec'd Jan. 7-94, $11. Garrett Bros.   2-5-paid by Garrett, $11."   The record then states that "plaintiff further introduces testimony tending to prove that he had no knowledge or information of the said note having ever been placed in escrow, or of any agreement between defendants and W. H. Moore, the original payee, in said note, that plaintiff had purchased said note, for value, before maturity."   The defendant introduced evidence showing  that the note was never delivered to Moore, but was deposited in escrow with George H. Williams, and was merely a memorandum of the amount Moore should receive for a certain building at the end of the year, after deducting certain rents thereon, to be collected by Garrett Bros., as agents of Moore.   The record then states: "Defendant further introduces evidence tending to show that plaintiff had knowledge of the arrangement between Moore and the defendant."   The case was submitted to the jury, who returned a verdict in favor of appellees, and the court entered judgment in his favor, from which defendants appeal.

*Harrison O. Shepard*, for appellants.

*N. B. Maxey*, for appellee.

CLAYTON, J.   The record discloses that the instrument sued on (upon its face, an ordinary promissory note) was placed in escrow with one Williams, to be held by him until the expiration of one year, at which time an accounting was to be had between the parties, and settlement made. It does not appear from whom, nor in what manner, the appellee procured the note, but it is properly indorsed to him

by Moore, before maturity, for value, and the record discloses no fraud upon the part of any of the parties, or that Campbell had notice of any facts except those apparent upon the face of the instrument. It is true that the record states that "defendant further introduces evidence tending to show that plaintiff had knowledge of the arrangement between Moore and the defendant"; but the instructions of the court properly left the jury to determine the effect of this testimony, which they did in favor of the appellee.

The only contention left for appellants is that the note was deposited in escrow, and, having been placed in circulation without the knowledge or consent of the makers, never had valid legal existence. This doctrine, to a limited extent, has been announced by some of the English courts, but has never been followed here, except where the instrument in question was under seal, and it was apparent from the paper itself that certain contingencies should happen in order to complete the transaction. The authorities relied upon by counsel for appellants, except, perhaps, the case of Chipman vs Tucker, 38 Wis. 43, which is not a parallel case, and differs very materially from the one under consideration, instead of supporting their contention, are strongly against him. Mr. Daniel, in his work on Negotiable Instruments (section 856), after stating the English rule, and declaring it to be against the weight of the American authority, says: "It should be borne in mind that there is a cardinal distinction between the perversion of instruments in form negotiable, or capable and intended to be made so in a certain contingency, and that of instruments under seal. * * * But negotiable instruments stand on a different footing entirely. They are letters of credit, * * * and one who chooses to put his name on an instrument possessing these characteristics, instead of confining his liability by shaping it in form expressive of his meaning, should not be permitted to ensnare others and escape himself unscathed."

So in the case of Burson vs Huntington, 21 Mich. 416, to which our attention is especially directed by council for appellants, the court, after announcing the principle that, "as a general rule, a negotiable promissory note, like any other written contract, has no legal inception or valid existence as such until it has been delivered in accordance with the purpose and intents of the parties," say: "If the maker or indorser, before delivery to the payee, leave the note in the hands of a third person as an escrow, to be delivered upon certain conditions only, * * * to be used upon certain conditions not apparent upon the face of the paper, and the person to whom it is thus entrusted violate the confidence reposed in him, and put the note into circulation, this, though not a valid delivery as to the original parties, must, as between a bona fide holder for value and the maker or endorsers, be treated as a delivery, rendering the note or instrument valid in the hands of such bona fide holder, for value." The law of negotiable instruments is so well established that it seems to us useless to lengthen this opinion. The appellee is the innocent holder, for value, before maturity, of an ordinary promissory negotiable note. If the depositary of the note violated the trust reposed in him by allowing it to go into circulation, it is to him, and not to the holder of the note, that the maker must look for his redress. If the note was merely intended as a memorandum between the parties, it was the negligence of the maker in not expressing its object on the face of the paper, and he, not the innocent holder, must suffer the result of his own negligence. Let the judgment of the lower court be affirmed.

THOMAS and TOWNSEND, J.J., concur.